Dear Mr. Perry:
This letter is in response to your question asking whether Section 211.031, RSMo Supp., 1984, authorizes the incarceration of a sixteen year old person in an adult correctional facility (i.e., County Jail) upon conviction for a violation of a State or municipal traffic ordinance or regulation, the violation of which does not constitute a felony?
Section 211.031, provides in part:
 1. Except as otherwise provided herein, the juvenile court shall have exclusive original jurisdiction in proceedings:
* * *
 (2) Involving any child who may be a resident of or found within the county and who is alleged to be in need of care and treatment because:
* * *
 (e) The child is charged with an offense not classified as criminal, or with an offense applicable only to children; except that, the juvenile court shall not have jurisdiction over any child sixteen years of age who is alleged to have violated a state or municipal traffic ordinance or regulation, the violation of which does not constitute a felony;
* * *
 (3) Involving any child who is alleged to have violated a state law or municipal ordinance, or any person who is alleged to have violated a state law or municipal ordinance prior to attaining the age of seventeen years, in which cases jurisdiction may be taken by the court of the circuit in which the child or person resides or may be found or in which the violation is alleged to have occurred; except that, the juvenile court shall not have jurisdiction over any child sixteen years of age who is alleged to have violated a state or municipal traffic ordinance or regulation, the violation of which does not constitute a felony;
The facts you have given us indicate that your question primarily concerns shock probation.
It is clear that the effect of the quoted provisions is to declare a child sixteen years of age to be an adult for purposes of criminal prosecution in instances of violation of nonfelony state or municipal traffic laws or ordinances. It follows that under a strict reading of the statutes it appears that such person upon conviction for such a violation is subject to the punishments prescribed by law including shock probation in a county jail under Section 559.026, RSMo 1978.
However, it is our view that such a technical reading of the statutes results in a clear inequity in the treatment of juvenile offenders in that a juvenile offender who is charged with a felony violation in juvenile court would be protected from shock probation, see In re L.L.W., 626 S.W.2d 261, 263
(Mo.App. 1981), but a lesser traffic offender would be subject to shock probation. We do not believe that the legislature intended such a result and we are doubtful that an appellate court would condone the use of shock probation in such circumstances. Accordingly we conclude, in the premises, that such jail time should not be given to persons who are sixteen years of age.
Very truly yours,
 WILLIAM L. WEBSTER Attorney General